**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RIVERGATE OAKRIDGE, LLC,**

          **Plaintiff,**

-vs-                                            **Case No. 6:07-cv-569-Orl-31JGG**

**NORTHERN INSURANCE COMPANY OF**
**NEW YORK,**

          **Defendant.**

## ORDER

This matter comes before the Court on a Motion to Dismiss (Doc. 3) filed by the Defendant, Northern Insurance Company of New York ("Northern"), and Plaintiff's Response thereto (Doc. 10).

**I. Background**

On September 4, 2004, Plaintiff, Rivergate Oakridge, LLC ("Rivergate"), bought an insurance policy from Northern, insuring two buildings: one in Daytona Beach, FL, and one in Orlando, FL. Doc. 2 at 1. On that same day, while the insurance policy was in full effect, the Daytona Beach building was damaged by Hurricane Frances. *Id*. at 2.

Following this loss occurrence, Rivergate notified Northern and cooperated with its representatives in processing the claim. *Id*. Northern, however, determined that there was no covered loss because any damage sustained was less than Rivergate's deductible. *Id*. Rivergate then filed a Sworn Statement in Proof of Loss which Northern rejected, asserting that Rivergate was attempting to claim damages that preexisted the storm. *Id*.

Rivergate then retained the service of a public adjusting firm, Insurance Recovery International ("IRI"), which submitted a claim and written demand for appraisal to Northern on Rivergate's behalf. *Id.* Northern refused to cooperate with the appraisal, claiming falsely that IRI had agreed that the loss was below the deductible, and further asserting late notice and failures of conditions precedent. *Id.*

Several months later, Northern asked Rivergate to participate in pre-suit mediation, in lieu of appraisal. *Id.* Rivergate agreed and in January, 2007, the parties attended mediation but could not reach an agreement. *Id.*

On February 12, 2007, Rivergate filed suit in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, alleging one count of breach of contract against Northern. Northern removed the action to this Court on April 3, 2007, and immediately moved for dismissal.

## II. Standard of Review

In ruling on a motion to dismiss, this court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41 45-46 (1957). In ruling on a motion to dismiss, "conclusory

allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.,* 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotations omitted). "A complaint need not specify in detail the precise theory giving rise to the recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union,* 866 F.2d 1380, 1384 (11th Cir. 1989).

### III. Legal Analysis

Northern moves for dismissal alleging that the insurance contract, by its terms, makes appraisal a condition precedent to litigation, and therefore this Court should either dismiss this action or abate the complaint and compel appraisal. Doc. 3 at 3. Defendant's argument fails for several reasons.

First, the plain language of the insurance contract in question does not make appraisal a condition precedent to litigation. Instead, the contract simply states that: "If we and you disagree on the value of the property or the amount of loss, either *may* make a written demand for an

appraisal of the loss." Doc. 3 at 2 (emphasis added). It is clear from the terms of the contract that an appraisal is not mandatory unless one of the parties requests it in writing.

Second, it is undisputed that Rivergate made such a request in writing, and it was Northern that failed to comply with the terms of the contract, which required Northern to, *inter alia*, choose its own appraiser and pay for its own appraisal costs. *Id.* It is ludicrous for Northern to argue that, because it did not cooperate with the appraisal requested by Rivergate, Rivergate is now barred from bringing this suit. If that were true, Northern could avoid being sued by any of its clients by simply refusing to cooperate with the appraisal process. On the facts presented at this stage of the litigation, this Court cannot find that Rivergate is barred from bringing this suit by the terms of the insurance contract.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 3) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 17, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party